**FILED**
**Sep 30, 2024**
**12:03 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT COOKEVILLE

| | | |
|---|---|---|
| **JAMES YOUNG,** | ) | **Docket No.: 2023-04-1796** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 10495-2022** |
| **COBBLESTONE INDUS., INC.** | ) | |
| **Employer,** | ) | **Judge Robert Durham** |
| **And** | ) | |
| **INSURANCE CO. OF THE WEST,** | ) | |
| **Insurer.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an Expedited Hearing on September 24, 2024, to determine whether Cobblestone wrongfully denied medical benefits to Mr. Young that would entitle him to attorney's fees under Tenn. Code Ann. § 50-6-226(d)(1)(B) (2022).[1]  The Court holds that the evidence submitted does not justify an award of attorney's fees at the Expedited Hearing stage.[2]

### History of Claim

On February 8, 2022, Mr. Young suffered an injury to his right side while lifting at work and was diagnosed with multiple rib fractures.  He treated for several months at an urgent care clinic with complaints of shortness of breath and fatigue due to severe pain over his ribs.  A CT scan performed in May did not show any abnormalities that explained his symptoms. The clinic concluded treatment by recommending that he see a pulmonologist.

---

[1] Although the legislature changed the standard from "wrongfully" to "unreasonably" in 2023, Mr. Young's injury occurred in 2022.  Thus, the Court shall use the "wrongfully" standard, and the caselaw interpreting it, in determining this issue.

[2] Mr. Young also sought mileage expenses, but before the hearing began, Cobblestone agreed that upon submission of an expense report, it would pay all mileage expenses for treatment Mr. Young received from authorized physicians.

Cobblestone authorized Dr. Carla Sevin to treat Mr. Young, and he first saw her on November 22, 2022. He complained of intermittent rib pain, but his "primary complaint" was significant shortness of breath and fatigue with any exertion.

After several months of tests and treatment, including work hardening, Mr. Young said his symptoms were worse. Dr. Sevin observed that she did not see any displaced rib fractures on x-ray and all cardio-pulmonary tests were normal. She concluded that Mr. Young's lung function was not limiting and recommended he consult with a specialist for his chest wall complaints. She placed him at maximum medical improvement with a 0% impairment for his lungs.

Dr. Sevin's office then attempted to schedule an appointment for Mr. Young at Vanderbilt's rehabilitation hospital. But after reviewing the records, the Vanderbilt doctors believed a pain management specialist was more appropriate.

Cobblestone submitted the first pain management specialist panel on August 18. Mr. Young chose Dr. Lisa Bellner, but she ultimately declined to see him.[3] Cobblestone replaced her with Dr. David Todd on October 4, and Mr. Young chose him. However, a week later, Dr. Todd's office informed the parties that he no longer saw workers' compensation patients. Cobblestone immediately replaced him with Dr. David Miller, but after a record review, he too declined to treat Mr. Young. Cobblestone did not offer any additional panels.

On December 14, 2023, the Bureau issued a Dispute Certification Notice. In its' certification of additional issues, Cobblestone stated, "Employee is only treating for pain after Dr. Sevin's referral." However, Mr. Young was not receiving pain management, and Cobblestone did not offer any until July 12, 2024, when it authorized treatment with Dr. Scott Baker.[4]

Dr. Baker saw Mr. Young on August 5. He complained of right rib pain that averaged a 7/10 on a pain scale. He described the pain as "sharp and stabbing" and said certain movements made it worse. He said he did not feel he could work. Dr. Baker diagnosed him with chronic chest wall pain, but he had no medical explanation for his symptoms. He said that Mr. Young had "exhausted all reasonable diagnostic and treatment options." He determined that Mr. Young reached maximum medical improvement on May 12, 2023, and did not have any work restrictions from his injury.

---

[3] The parties differed as to whether Dr. Bellner chose not to see Mr. Young because she no longer treated work comp patients or based on her review of Mr. Young's records.
[4] At the hearing, Cobblestone attempted to introduce emails and other evidence about settlement negotiations between counsel in the months after it submitted the last panel. While the Court did not allow the emails as evidence, Cobblestone submitted them as an offer of proof. The Court did not examine the emails, and they were not a factor in this decision.

Dr. Baker obtained Mr. Young's medical records before seeing him again on September 7. He said x-rays did not show any rib fractures, despite the original findings of the urgent care clinic, and he noted that extensive cardiopulmonary testing did not reveal any abnormalities. He further observed that Mr. Young appeared "very focused" on remaining off work. Dr. Baker concluded that Mr. Young's "condition does not make sense" and said he could not find a medical problem related to the 2022 work injury.

**Findings of Fact and Conclusions of Law**

To obtain attorney's fees, Mr. Young must show a likelihood of prevailing at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2022). However, he must do more than show that he is likely to prove Cobblestone "wrongfully" denied benefits under section 50-6-226(d)(1)(B) (2022). To get attorney's fees at the expedited hearing stage, he must also show "extremely limited circumstances" exist that allow for an award of attorney's fees before a final hearing. *Thompson v. Comcast Corporation*, 2018 TN Wrk. Comp. App. Bd., LEXIS 1, at *29 (Jan. 30, 2018).

In *Thompson*, the Board listed several reasons why a trial court should be cautious in awarding attorney's fees in an expedited hearing:

> …The uncertainties inherent in litigation, the limited issues typically addressed at expedited hearings, the fact that discovery and medical proof often are incomplete at an interlocutory stage of a case, the standard of proof that applies at expedited hearings, and the fact that a trial judge's determinations at an interlocutory hearing are subject to change at any time prior to the entry of a final compensation hearing order…

*Id*. at 28, 29.

Despite this language, the Appeals Board affirmed the trial court's award of attorney's fees in *Thompson*. Mr. Young relied on this case in his argument given that the issue also involved the employer's failure to submit a panel of pain management doctors despite the authorized physician's referral. *Id*.

However, *Thompson* differs from this case in several areas. First, the Appeals Board interpreted Section 50-6-226(d)(1)(B), as it was originally written, to mean that the word "wrongly" did not modify the phrase "fails to initiate any of the benefits" to which the employee was entitled. Thus, in *Thompson*, the simple failure to submit a panel triggered the consideration of attorney's fees and did not require a "wrongful" determination. *Id*. at 26, 27. The legislature later amended the statute to make it clear that the denial must be wrongful and also defined what constituted a "wrongful" denial. This case falls under the amended version.

Second, the Appeals Board found it significant that the employer did not make any attempt to obtain a medical opinion to support its argument that pain management was not reasonable or necessary. *Id.* at 29, 30. Here, Cobblestone initially offered Mr. Young two panels, but the selected doctors chose not to treat him. Mr. Young did not submit any evidence that he chose either of the other doctors that were on all the offered panels, or why he rejected them. Cobblestone also ultimately authorized Mr. Young to treat with Dr. Baker. Most significant, however, are Dr. Baker's findings and opinions, which raise questions as to whether pain management was ever reasonable and necessary treatment for Mr. Young's work-related injury.

Given the incomplete proof, the Court holds Mr. Young is not entitled to attorney's fees at this interlocutory stage. Of course, this holding does not preclude him from seeking attorney's fees at a compensation hearing.

Finally, the record established that Cobblestone did not offer Mr. Young a valid panel of pain management specialists for several months. The Court holds that the evidence presented warrants a referral to the Bureau's Compliance Program to determine if Cobblestone should be penalized for failing to properly provide medical care under Tennessee Code Annotated section 50-6-204.

IT IS, THEREFORE, ORDERED:

1. Mr. Young's request for attorney's fees is denied at this time.

2. This case is referred to the Bureau's Compliance Program to determine if, and to what extent, a penalty is warranted.

3. This case is set for a Scheduling Hearing on **November 13, 2024, at 9:00 a.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED September 30, 2024.**

**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

4

## APPENDIX

<u>Exhibits:</u>

1. Paula Joiner deposition transcript
2. Mr. Young's Rule 72 statement
3. Medical records from Urgent Care Clinic, Dr. Sevin, and Dr. Baker
4. Mr. Young's discovery responses
5. Cobblestone's discovery responses
6. August 18 and October 23 physician panels
7. Dr. Baker's September 9 record
8. Additional Vanderbilt records (pages 15 and 16 only)
9. August 18 signed panel
10. October 4 signed panel
11. Letter dated July 17, 2024
12. E-mails between counsel (For identification purposes only)

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that a copy of the Order was sent as indicated on September 30, 2024.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Christopher Eads | | | X | cre@chriseadslegal.com |
| Ben Norris | | | X | bnorris@eraclides.com |
| Allen Grant | | | X | agrant@eraclides.com |

_____
**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

5



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____       ☐ Motion Order filed on _____

☐ Compensation Order filed on_____       ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*